TETERS, APPELLANT, v. MONTANA EASTERN PIPE LINE CO., ET AL., RESPONDENTS.

No. 8480

Submitted May 15, 1945. Decided June 2, 1945.

159 Pac. (2d) 515

Messrs. Tansil & Lamb, of Billings, and Mr. R. Lewis Brown, of Butte, for appellant.

Mr. R. G. Wiggenhorn and Mr. George J. Hutton, both of Billings, for respondent.

MR. JUSTICE ANGSTMAN, delivered the opinion of the court.

Plaintiff brought this action in equity for an accounting and payment to him for gas removed from certain lands in Fallon county and to cancel certain operating agreements held by the defendant Atlantic Pacific Gas & Oil Company. He contends that under the operating agreement in question he was to receive, in addition to a royalty, payment for all the oil or gas produced. Defendant contends that all plaintiff was

entitled to receive was his royalty. The case sought interpretation of the contract which is pleaded in the complaint in its entirety. Paragraph IV of the contract reads: "Party of the first part (being plaintiff or his assignors) hereby grants party of the second part (being Herbert Stokes) exclusive right to purchase all oil or gas saved and produced from the said premises and party of the second part agrees that he will pay for such oil and or gas at the field price; that he will install accurate measuring devices suitable for the purpose of measuring the production of oil and or gas and that the said measuring devices, together with his books of account, shall be open to the inspection of the party of the first part at reasonable times; that all payments of royalties shall be made on or before the twentieth day of each calendar month."

. The complaint shows that the lands involved in the operating agreement were government lands held under permit issued to plaintiff and his assignors, all of whom entered into identical operating agreements with defendant Herbert Stokes except as to description of the lands. It is this agreement and particularly Paragraph IV thereof that is involved in the action.

Paragraph III of the contract provides for the payment by Mr. Stokes of royalties to the United States and that "after the payment of such royalties to the United States he will pay to party of the first part seven and one-half percentum ($7\frac{1}{2}\%$) royalty on all oil and gas produced, saved and recovered from said premises on which the royalties to the United States are fixed at five per centum and on all the remainder of the said premises on which the royalty payable to the United States is in excess of five per centum ($5\%$) he will pay to the party of the first part two and one-half per centum ($2\frac{1}{2}\%$) royalty on all oil and or gas produced, saved and recovered from said premises."

The complaint alleges that the defendant Atlantic Pacific Gas & Oil Company has succeeded to the rights and liabilities of Herbert Stokes under the operating agreement, and is

operating the land, and neither it nor its assignors have ever paid plaintiff or his assignors for the gas produced.

The defendants answered, admitting the execution of the operating agreement and that they and their predecessors in interest have never purchased from plaintiff or his assignors any gas produced from the lands in question, and alleging that neither the plaintiff nor any of the persons claimed as assignors ever claimed any compensation for gas taken from the lands, nor any rights under the contract except the royalty interests reserved by the several permittees, which have been paid to them.

The answer denies all of the other allegations of the complaint, and contains two affirmative defenses. In the view which we take of the case the contents of these affirmative defenses need not here be noted, except to point out that among other things it was alleged that plaintiff and his assignors had before the commencement of the action parted with all title and interest in the permits and in the operating agreement and had no interest in the subject of the action.

The reply is a general denial of the affirmative allegations of the answer. The cause was tried to the court sitting without a jury, and at the conclusion of all of the evidence defendant made the following request for findings: " * * * said request being based on the grounds that the complaint fails to state a cause of action and that the plaintiff has wholly failed to prove by the evidence that he is the owner of or has any title or interest in the permits and the lease issued thereon, which are the subject of this action, that neither he nor his assignors have had any title or interest therein at any time since gas or oil has been taken, removed, or withdrawn, from the land covered by said permits and that there is no evidence in the record to establish such fact, and that the evidence is undisputed and there is even no issue of fact that neither plaintiff nor any of his assignors has any interest or title in the subject of this action."

The court made the following findings of fact and conclusions of law:

"That plaintiff and his assignors G. C. Wood, Margaret E. Daly, and Roy C. Scott, each respectively transferred and assigned his or her permit to prospect for oil and gas, issued by the Secretary of the Interior of the United States and which permits are the subject of this action, and parted with all interest therein and all title thereto prior to the commencement of this action and before any gas or oil was withdrawn, taken from, or marketed from, the lands covered by said respective permits; that at all times since said assignments neither plaintiff nor any of his assignors have had any right, title, or interest, in any of said permits, or the lease thereafter issued by the Secretary of the Interior of the United States upon said permits covering said lands, and plaintiff has wholly failed to prove that either he or any of his assignors have any interest or title in the subject of this action.

### Conclusions of Law.

"I. That under the operating agreement pleaded by plaintiff in this case, plaintiff and his said assignors were not entitled to any of the oil or gas produced from the lands covered by the permits herein involved, or to payment therefor other than the royalty interest reserved by them and kept by them.

"II. That plaintiff is not entitled to recover in this case nor to any of the relief prayed for, because he has failed to prove any right, title, or interest, on behalf of himself or any of his assignors in the subject of this action, viz., the said oil and gas permits and the lease issued thereon, other than a royalty interest, for which he and his assignors have been paid and which was wholly accounted for to date of trial.

"III. That the complaint fails to state a cause of action upon any theory.

"IV. That it appears affirmatively from all of the evidence without dispute that plaintiff has no cause of action and is entitled to no relief."

As will be noted above, the court found that the complaint

██ fails to state a cause of action. Plaintiff argues that it was error to enter judgment on the merits if the complaint was insufficient. His contention is that, if the complaint was insufficient, the court should have entered an order of dismissal and should not have passed upon the merits of the action.

The general rule is that urged by plaintiff. There are circumstances, however, in this case which make the general rule inapplicable. Since plaintiff set out the contract in question in haec verba, it was proper for the court to construe the contract in testing the sufficiency of the complaint. In other words, if the contract on its face was not open to the construction contended for by plaintiff, then the complaint would be insufficient and he would not be entitled to recover. The court was obliged to construe the contract in measuring the sufficiency of the complaint.

By its first conclusion of law the court construed Paragraph IV of the contract against plaintiff's contention, and we think correctly so. Paragraph III of the contract dealt specifically with the question of what plaintiff was to receive under the contract, viz., $7\frac{1}{2}\%$ royalty on certain of the lands and $2\frac{1}{2}\%$ royalty on the other. Paragraph IV was specific as to when the royalty should be paid. It seems unbelievable to us that, if plaintiff or his assignors were to receive all of the oil and gas, there would have been such concern about the time of the payment of the royalty and no mention made of the time of payment for the production. And it seems to us unbelievable that, if plaintiff and his assignors were to receive full payment for all oil and gas produced, they would also receive royalty thereon. Likewise, Paragraph III of the contract undertook to provide what the party of the second part should pay to the party of the first part, and under the maxim "expressio unius est exclusio alterius," which applies to the construction of contracts as well as to statutes (Berne v. Stevens, 67 Mont. 254, 215 Pac. 803), the enumeration of a per centum as royalty excluded other payments. The court

was right in construing the contract when its interpretation answered the question whether the complaint stated facts sufficient to constitute a cause of action. Whether the court was warranted in going further and making other findings dealing with the merits of an affirmative defense we need not determine because it did not affect any substantial right of plaintiff, for all that the court did was to enter judgment denying relief to plaintiff, and awarded only costs to defendants which is tantamount to a judgment of dismissal.

One other question must be noted. Plaintiff, to prove his interest in the subject matter of the action, and to negative the allegations in one of the affirmative defenses, offered in evidence the judgment roll in an action brought in Yellowstone county entitled, Percy E. Teters, plaintiff, v. Montana Eastern Pipe Line Company, a corporation, and John Wight, defendants. In that action the defendants defaulted after service and judgment was entered in effect declaring that the assignment of the several permits to the Montana Eastern Pipe Line Company relied upon in the defense were void and that the original permittees at all times since July 6, 1927, have been the sole owners thereof. Defendants objected to receiving the judgment roll in evidence. The court admitted the evidence subject to the objection, stating: "The objection to be ruled on later during the court's consideration of this cause." The record fails to show that the court ever ruled upon the objection further.

Since the court properly held that the operating agreement is not open to the construction for which plaintiff contends, it matters not who owns the permits or the rights under the operating agreement, so far as this case is concerned, so long as plaintiff is paid the royalty to which he is entitled, and as to this there is no controversy.

The judgment is affirmed.

Mr. Chief Justice Johnson, and Associate Justices Morris, Adair, and Cheadle, concur.